IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19-41-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| PAUL AARON CHAMPION, | |
| Defendant. | |

This matter comes before the Court on Defendant Paul Aaron Champion's Motion to Reopen Detention Proceedings and for Release (Doc. 37). The United States opposes Defendant's motion. Based on the parties' written submissions, and for the reasons set forth below, Defendant's motion for release is denied.

I. **Background**

On October 23, 2019, Defendant appeared before the Court for his initial appearance and arraignment on the Indictment filed against him, at which time he requested a detention hearing. (Doc. 5). Following a detention hearing on October

1

24, 2019, the Court ordered Defendant detained under 18 U.S.C. § 3142. (Docs. 9, 13). On December 4, 2019, Defendant appeared before the undersigned and entered a plea of guilty to the offense of being a prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Doc. 23). Defendant's sentencing is scheduled for April 24, 2020. (Doc. 36).

On April 1, 2020, Defendant filed the pending motion to reopen the detention hearing and seeking release pending sentencing. Defendant seeks release based on the COVID-19 pandemic and his deteriorating health. (Doc. 37). Defendant cites several sources regarding the nature of the pandemic and the danger posed by COVID-19 to individuals who are incarcerated. (Doc. 38 at 5-8). In addition, Defendant has provided the Court with a recent memorandum from Attorney General Barr to the Bureau of Prisons regarding the prioritization of home confinement in response to the COVID-19 pandemic. (Doc. 44-2).

Defendant argues his continued confinement places him at increased risk of contracting COVID-19, and his various health problems make him particularly vulnerable to serious complications should he contract the virus. Defendant explains that recently had an infected finger, and suffers from an unspecified tremor, low back pain, and a generalized anxiety disorder. (Doc. 38 at 4). Defendant has provided treatment notes from a September 11, 2014 medical visit

documenting his tremor and mentioning the possibility of some underlying COPD. (Doc. 44-2).

Based on these arguments and supporting evidence, Defendant asks the Court to release him to live with his mother at her independent living facility in Missoula, pending his sentencing on April 24, 2020.

## II. Legal Standard

Defendant seeks to reopen his detention hearing based on new and material information under 18 U.S.C. § 3142(f)(2). Section 3142(f)(2) provides that a detention "hearing may be reopened ... at any time before trial if the judicial officer finds that information exists that was not known at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

In addition, because Defendant has entered a guilty plea and is awaiting sentencing, the standards set forth in 18 U.S.C. § 3143 apply here. Under § 3143(a)(2), a judicial officer shall detain "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A), (B), or (C)] and is awaiting imposition or execution of sentence" unless (1) the judicial officer finds there "is a substantial likelihood that a motion for acquittal or new trial will be

granted" or the government recommends "that no sentence of imprisonment be imposed" and (2) the judicial officer finds there is clear and convincing evidence "that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant has entered a plea of guilty to one count of being a prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), which is an offense described in 18 U.S.C. § 3142(f)(E). Because Defendant has not been found guilty of an offense in a case described in 18 U.S.C. § 3142(f)(1)(A), (B), or (C), his conviction is not subject to the postconviction restrictions on release set forth in 18 U.S.C. § 3143(a)(2) and § 3145(c).

The standard applicable to Defendant is set forth in 18 U.S.C. § 3143(a)(1), which provides that a person shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b)( or (c)."

In determining whether there are conditions of release that will reasonably assure Defendant's appearance as required and the safety of any other person and community, the Court considers the factors set forth in 18 U.S.C. § 3142(g). In addition, under 18 U.S.C. § 3142(i), the Court may permit temporary release "to

4

the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason."

### III. Discussion

As a preliminary matter, with respect to reopening Defendant's detention hearing pursuant to § 3142(f)(2), the Court finds that the nation's current public health emergency brought on by the COVID-19 emergency serves as both new, and rapidly evolving, information not available to the Court during the initial detention hearing. The Court further finds this information is material to the issue of whether there are conditions of release that will reasonably assure the Defendant's appearance and the safety of any other person and the community. Accordingly, Defendant's motion for release is properly raised before the Court at this time, and the Court's detention determination is reopened pursuant to § 3142(f)(2).

To meet the conditions of release set forth in § 3143(a)(1), Defendant must demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the community if released. This Court has previously determined based on the factors set forth in § 3142(g) that Defendant is not eligible for release, and Defendant presents no additional facts that meaningfully shift the balance of the § 3142(g) factors in Defendant's favor.

Even considering the § 3142(g) factors in the context of the COVID-19 outbreak, Defendant cannot establish by clear and convincing evidence that he is eligible for release. All of the factors that supported Defendant's pretrial detention and a finding of danger to the community still exist today. With respect to Defendant's history and characteristics, the record reflects that at the time Defendant committed the federal offense to which he has pled guilty, he was on state probation subject to several conditions and was being supervised by a probation officer. (Doc. 43 at 2). Defendant admitted to drug use at the time he possessed the firearm and ammunition, and acknowledged that he had drug paraphernalia at his residence. (Doc. 43 at 2). Defendant has a lengthy, criminal history, which spans nearly thirty years, and has six convictions for violating lawful protective orders. (Doc. 43 at 5). The nature of the offense to which Defendant has pled guilty is a serious one, and Defendant's criminal history and characteristics indicate to the Court that he is unlikely to abide by conditions of release and presents a danger to the community. This finding is entitled to even greater weight today, in light of the limitations on pretrial services under COVID-19 mandated protocols.

While Defendant raises some understandable concerns based on his underlying health condition and the COVID-19 outbreak, these concerns are not

sufficiently compelling to warrant his release. Defendant is 52 years old, which means he not part of the over-60 age group that is most susceptible to contracting the virus. In addition, Defendant has not presented any evidence that he has been denied necessary medical treatment or that the Missoula County Detention Facility is unequipped to handle his medical needs. There is nothing in the record to suggest that Defendant would receive better medical treatment if he were released.

As of today, the Court is not aware of any confirmed cases of COVID-19 at the Missoula County Detention Facility. In response to Defendant's motion, the United States has come forward with evidence that Missoula County Detention Facility has protocols in place to combat the spread of infectious disease, including COVID-19. (Doc. 41-1). Defendant has not shown that those protocols are deficient. Defendant has not demonstrated that he is at significantly greater risk of contracting COVID-19 while in custody than he would be if he were released.

The Court also notes that, under Defendant's proposed release plan, he would be released to live with his mother at her independent living facility in Missoula. Presumably, Defendant's mother and other residents at her facility are in the over-60 age group that is most susceptible to contracting COVID-19. Particularly in light of evidence that up to 50% of those who carry COVID-19 are asymptomatic, the Court finds that Defendant's proposed release plan raises

additional concerns about protecting the health of the residents at the independent living facility, including Defendant's mother.

Finally, to the extent Defendant argues his release is necessary to facilitate the attorney client relationship and his communication with defense counsel, the Court is not persuaded. Defendant explains that he has dyslexia, which means that his attorney must take additional time to read all documents out loud to him, including the presentence report and sentencing memoranda. The presentence report was due on March 5, 2020 (Doc. 24 at 2), and the parties' sentencing memoranda were filed on April 6, 2020. (Docs. 42, 43). Defendant has likely already had the opportunity to review these documents with the assistance of counsel. Regardless, the Court finds that while Defendant's communication with counsel may be slightly more cumbersome while he is detained, it is nevertheless adequate and effective. In fact, communicating by telephone with defense counsel will protect Defendant and defense counsel from additional risk of contracting COVID-19.

## IV. Conclusion

For the reasons set forth above, this Court finds that Defendant remains a danger to the community, and has not demonstrated compelling reasons entitling him to release. Accordingly,

IT IS ORDERED that Defendant's motion for release (Doc. 37) is DENIED.

DATED this 10th day of April, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge